Filed 11/5/14  P. v. Agers CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C075864 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-118960) |
| v. | |
| JASON MATTHEW AGERS, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we shall affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

After his motion to suppress evidence was denied, defendant Jason Matthew Agers pleaded no contest to possession of MDMA[1] for sale (Health & Saf. Code, § 11378—count one) and possession of marijuana for sale (*id.*, § 11359—count two), and admitted a prior drug-related conviction (*id.*, § 11370.2, subd. (b)) and a prior prison term (Pen. Code, § 667.5, subd. (b).[2])

The parties stipulated to the following factual basis for defendant's plea: "On or about August 5, 2012, in Placer County, the defendant was found to be in possession of a controlled substance, specifically MDMA. Law enforcement officers found approximately 780 MDMA pills as well as an additional 32 grams of MDMA. The officers also found over $3,000 in cash, and a qualified narcotics expert would testify that the MDMA was possessed for the purposes of sale. Officers also located approximately 20 grams of marijuana. Along with the marijuana and the cash, a qualified narcotics expert would testify that the marijuana was also possessed for the purposes of sale. [¶] The defendant also has a prior conviction from April 11, 2001, from [a] federal court for a violation of conspiracy to distribute MDMA. This qualifies as a prior pursuant to Health and Safety Code [section] 11370.2[, subdivision] (b), but due to the defendant's incarceration on that case, it qualifies as a prior prison term pursuant to Penal Code [section] 667.5[, subdivision] (b) for which he served time in a [federal] penal institution and has not been free from custody for more than five years."

The trial court sentenced defendant to an aggregate term of four years four months, consisting of 16 months (the low term) on count one plus three years for the

---

[1] MDMA stands for methylenedioxymethamphetamine, sometimes referred to as "ecstasy."

[2] Undesignated statutory references are to the Penal Code.

prior drug-related conviction, with a concurrent 16-month (low term) sentence on count two.  The court dismissed the prior prison term enhancement.  (§ 1385.)

The trial court ordered defendant's aggregate term served as a "split" sentence, with two years in actual custody in the county jail and the remainder on mandatory supervision.  (§ 1170, subd. (h)(5).)  The court awarded defendant one day of presentence custody credit.  The court orally imposed a restitution fine (§ 1202.4, subd. (b)) but stated that it would reduce the amount from that recommended by probation because it was imposing a shorter sentence than probation had calculated.[3]  The court imposed an $80 court operations fee (§ 1465.8) and a $60 criminal conviction assessment (Gov. Code, § 70373).  The court noted that it was *not* ordering a base fine, as recommended by probation.  The court also stated, without mentioning any other sums or statutes, "The court will impose all the penalties and assessments below."  The court noted that because it was reducing the sentence and restitution fine recommended by probation, other penalties and assessments would have to be recalculated.

The original "Order of Imprisonment—Local Jail" (hereafter order), filed on the date of sentencing, erroneously listed a $200 base fine (presumably under § 672), which the court specifically waived, a $1,500 restitution fine (§ 1202.4, subd. (b)), an $80 court operations fee (§ 1465.8), and a $60 criminal conviction assessment (Gov. Code, § 70373).  The order also listed a number of "penalty assessments," none of which were specifically mentioned orally by the trial court.

---

[3]  The amount recommended by the probation report (not stated orally by the trial court) was $2,880.  According to the reporter's transcript, the trial court stated, "Under the state restitution fund fine, I'll reduce that $1,500 under [section] 1202.4."  Since the probation report recommended $2,880—not $1,500—the court's remark as transcribed does not make sense.  The restitution amount shown in the written order is $1,500.  Thus, we presume the court actually said (and the transcript should read), "Under the state restitution fund fine, I'll reduce that [*to*] $1,500 under [section] 1202.4."  (Italics added to indicate omitted text.)

On May 28, 2014, a second amended order correctly listed only the following fines, penalties, and assessments: a $1,500 restitution fine (§ 1202.4. subd. (b)), an $80 court operations fee (§ 1465.8), and a $60 criminal conviction assessment (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (second amended order) is affirmed.

                                              BUTZ            , J.

We concur:

      BLEASE          , Acting P. J.

      MAURO          , J.

4